EDWIN R. CINTRÓN SANTANA et al., demandantes y recurridos,
v. ISMAEL BETANCOURT LEBRÓN ET AL., demandados y
recurrentes.

Número: RE-92-72      Resuelto: 30 de junio de 1982

*Anabelle Rodríguez, Procuradora General*, y *Carlos Lugo Fiol, Procurador General Auxiliar*, abogados del recurrente; *Francisco Valcárcel Mulero* y *Neftalí Fuster González*, abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

I

El 7 de agosto de 1990, Cintrón Santana y dos (2) policías más, presentaron en el Tribunal Superior, Sala de San Juan, demanda de *injunction* y sentencia declaratoria contra el Superintendente de la Policía (Superintendente),

Lcdo. Ismael Betancourt y varios policías beneficiarios de unos ascensos *especiales*. Alegaron, específicamente, que veinticuatro (24) policías así ascendidos por el Superintendente eran miembros o simpatizantes del Partido Popular Democrático (P.P.D.), y que algunos trabajaban como "guardaespaldas" del Gobernador. Solicitaron el cese de ese tipo de ascensos y, además, una convocatoria a exámenes para los rangos de Sargento, Teniente II, Teniente I, Capitán y Agente Investigador I al IV. También pidieron que se dejaran sin efecto dichos ascensos especiales y se declarara inconstitucional la ley y el reglamento que los autoriza por ser discriminatorios e infringir el principio de mérito consagrado en la Ley de Personal del Servicio Público de Puerto Rico (en adelante Ley de Personal), Ley Núm. 5 de 14 de octubre de 1975, según enmendada, 3 L.P.R.A. sec. 1301 *et seq.*

Oportunamente, el tribunal de instancia (Hon. Gilberto Gierbolini, Juez) emitió sentencia *parcial* favorable. Concluyó que la cláusula derogatoria de incompatibilidad estatutaria contenida en la Sec. 10.2 de la Ley de Personal, 3 L.P.R.A. sec. 1301n., derogó tácitamente el inciso (b) del Art. 23 de la Ley de la Policía de Puerto Rico (en adelante Ley de la Policía), Ley Núm. 26 de 22 de agosto de 1974 (25 L.P.R.A. sec. 1023), que concede al Superintendente la facultad extraordinaria de esos *ascensos especiales*. En virtud de ese dictamen, se abstuvo de entrar a dilucidar los planteamientos constitucionales de igual protección de las leyes y el debido proceso de ley.

En su análisis, el ilustrado foro de instancia indicó que el objetivo de la Ley de Personal era extender el principio de mérito a todo el servicio público, incluso en el área de ascensos. El cuerpo de la Policía, como Administrador Individual, venía obligado por ley a incorporarlo e implantarlo en un reglamento. En reconsideración, reiteró su dictamen.

A solicitud del Estado, mediante orden de mostrar causa, revisamos.

## II

El Estado sostiene que la interpretación sobre derogación tácita del Art. 23 de la Ley de la Policía, *supra*, menoscaba gravemente los intentos del Superintendente de mejorar la supervisión y elevar la moral de sus oficiales. Nos señala que los ascensos especiales son un factor determinante en la lucha contra el crimen. En su apoyo, argumenta que este tipo de derogación no es favorecida, y la Ley de Personal —que es de naturaleza general— cede ante el Art. 23 de la Ley de la Policía, *supra,* específicamente aplicable a la policía. Invoca *McCrillis v. Aut. Navieras de P.R.*, 123 D.P.R. 113 (1989). Aduce que después de la aprobación de la Ley de Personal, la Asamblea Legislativa enmendó el citado Art. 23 en cuatro (4) ocasiones, aumentando así el valor, la eficacia y la utilidad de los ascensos especiales. Ese tratamiento legislativo es absolutamente irreconciliable con la tesis de derogación tácita.

Finalmente, alude a que el mecanismo de ascensos especiales —definido como una recompensa por méritos extraordinarios— no choca ni es incompatible con el principio de mérito: quien no sea beneficiado mediante el mecanismo de ascenso especial, siempre tiene disponible el mecanismo usual o regular de ascenso.

Atender justamente esta controversia exige una somera referencia al trasfondo estatutario pertinente.

## III

La Ley de la Policía dispone que sus miembros *estarán* en el Servicio de Carrera. 25 L.P.R.A. sec. 1003. El

Superintendente nombrará y cubrirá las vacantes a base de ascensos hasta el rango de capitán, mediante un sistema de exámenes de ascenso que sea confiable, moderno y científico. Por convocatoria dispondrá los requisitos para participar en dichos exámenes, los cuales se celebrarán dentro de un período no menor de treinta (30) días ni mayor de cincuenta (50) días a partir de la fecha de la convocatoria. 25 L.P.R.A. sec. 1008 (c). Un ascenso en rango equivale a un aumento de retribución mensual. 25 L.P.R.A. sec. 1011.

En su texto *original*, el Art. 23 de la Ley de la Policía, en lo pertinente, disponía:

(b) El Superintendente de la Policía podrá ascender al rango superior inmediato hasta el grado de Capitán, a miembros de la Fuerza, en los siguientes casos, sujeto a lo que más adelante se determina:

(1) Siempre que éstos hayan completado 25 años o más de servicio en la Policía de Puerto Rico, hubieren demostrado eficiencia, liderato e iniciativa y hayan observado buena conducta.

(2) Aunque no hubieran completado 25 años de servicio o más en la Fuerza, en dicho Cuerpo de Investigación pero vayan a ser retirados por imposibilidad física resultante de la prestación de un servicio extraordinariamente meritorio o excepcional.

(3) Estos ascensos tendrán efectividad dentro de los 120 días anteriores a la fecha de licenciamiento.

(4) En estos casos las plazas que ocupen los miembros de la Fuerza así ascendidos pasarán por conversión a la nueva categoría. Una vez las plazas convertidas queden vacantes pasarán automáticamente al rango existente antes de la conversión. 1974 Leyes de Puerto Rico 745.

Este mecanismo armonizaba con la necesidad de proveer "otros incentivos" al cuerpo de la Policía, que sirvieran "el objetivo de instituir una organización policíaca de excelencia". Exposición de Motivos de la Ley Núm. 26, *supra*, 1974 Leyes de Puerto Rico 727.

La presente controversia surge, pues, en 1975.

La Ley de Personal elevó a rango de postulado fundamental "el principio de mérito y [lo] extiend[ió] a *todos* los sectores del empleo público a los cuales *no* se ha extendido en la actualidad". Declaró como política pública, "[e]stablecer *el mérito como el principio que regirá todo el servicio público*, de modo que sean los más aptos los que sirvan al Gobierno y *que todo empleado* sea seleccionado, adiestrado, *ascendido* y retenido en su empleo *en consideración al mérito* y a la capacidad, *sin discrimen* por razones de raza, color, sexo, nacimiento, edad, origen o condición social, ni por ideas políticas o religiosas". 3 L.P.R.A. sec. 1311(1). La Asamblea Legislativa, al desparramar en todo el Gobierno estos objetivos, promovió los criterios de mayor uniformidad, equidad y justicia; a la par fomentó la prestación de servicios públicos que aseguren el disfrute pleno de los derechos consagrados en la Carta de Derechos de nuestra Constitución. 3 L.P.R.A. sec. 1312(4). En cuanto al principio del mérito dispuso:

La administración de personal deberá proveer oportunidades y mecanismos para el ascenso de los empleados. Así también deberá proveer para la mejor utilización de los empleados a través de los traslados.

Para el logro de estos objetivos se establecen las siguientes disposiciones:

(1) La Administración Central o cada Administrador Individual, según sea el caso, determinará las clases de puestos que debido a las necesidades particulares de la agencia o a la naturaleza de las funciones de las clases de puestos requieren que sus incumbentes hayan tenido experiencia previa en el desempeño de determinadas funciones en el Gobierno. Para cubrir estas clases de puestos se utilizará el mecanismo de los ascensos, conforme a lo siguiente:

(a) *Los empleados en puestos de carrera ascenderán mediante exámenes de libre competencia que podrán consistir de pruebas escritas, orales, físicas, de ejecución, evaluaciones de experiencia y preparación, evaluaciones del supervisor, análisis del récord de trabajo, resultados de adiestramiento u otros.*

(b) Se deberán anunciar las oportunidades de ascenso de

manera que todos los candidatos debidamente cualificados puedan competir. Luego de anunciadas las oportunidades, si no apareciera un número razonable de personas que reúnan los requisitos, la forma de cubrir los puestos o prestar los servicios será la que se haya provisto por reglamento.

(c) *Se podrán autorizar ascensos sin oposición cuando las exigencias especiales y excepcionales del servicio, y las cualificaciones especiales de los empleados así lo justifiquen, previa la aprobación del examen correspondiente. Para autorizar ascensos sin oposición será requisito indispensable que no haya registro de elegibles y no pueda establecerse uno en tiempo razonable, o que haya razonable certeza de que sólo hay un candidato que reúne los requisitos.*

(d) Todo empleado ascendido deberá cumplir con el período probatorio asignado a la clase de puesto a la cual haya sido ascendido.

(e) Se aprobará reglamentación para que los empleados que permanecen por largo tiempo en el mismo nivel de clasificación reciban aumentos de sueldos periódicamente. (Énfasis suplido.) 1975 Leyes de Puerto Rico 809-810.

Estas disposiciones de ley aplican a todos los empleados del Gobierno, excepto a cinco (5) ramas, agencias e instrumentalidades del Gobierno: la policía *no* está excluida.

## IV

No obstante esta conclusión, el fundamento específico en que descansó la ilustrada sala de instancia es incorrecto. Su tesis de derogación tácita choca frontalmente contra la realidad de que el Art. 23 de la Ley Núm. 26, *supra*, fue objeto de enmiendas *posteriores* a la Ley de Personal. Así, la Ley Núm. 8 de 21 de julio de 1977 (25 L.P.R.A. sec. 1023 (b)), facultó al Superintendente para hacer ascensos hasta el grado de capitán. Tres (3) años después, mediante la Ley Núm. 45 de 12 de mayo de 1980 (25 L.P.R.A. sec. 1023 (b)), se equipararon los derechos de los agentes investigadores con los de los miembros de la fuerza uniformada. En 1988, mediante la Ley Núm. 10 de 8 de

marzo de 1988 (25 L.P.R.A. sec. 1002 (m)), se extendieron los beneficios de ascensos especiales a los pilotos de la Unidad Aérea.

■ Esa evolución estatutaria nos obliga a recordar que en recta hermenéutica, si posible, las leyes que tratan la misma materia deben armonizarse; la derogación tácita no es favorecida. Aquí, ciertamente dos (2) leyes regulan igual materia: los ascensos. Independientemente de si los ascensos en plazas vacantes y los de rango especial implican un mismo concepto, es obvio que deben otorgarse con fidelidad al principio del mérito. No puede ser de otro modo. El principio de mérito permea *ambas* leyes. No concebimos mayor forma para desmoralizar el cuerpo de la policía que alejarnos e ignorarlo. *Cf. Ortiz Andújar v. E.L.A.*, 122 D.P.R. 817 (1988).

Al respecto, notamos que al presente, para que un policía pueda ser ascendido mediante el ascenso *especial* impugnado, tiene que haber cumplido un mínimo de quince (15) años de servicio, tiene que haber demostrado experiencia, liderato e iniciativa y tiene que haber observado buena conducta. Incuestionablemente estos criterios son circunstancias y cualidades que responden y propenden al mérito. Ahora bien, no pueden aplicarse en un vacío, mediante la simple y pura voluntad discrecional del Superintendente fundamentada ésta en su sola apreciación subjetiva de que el policía a ascenderse es eficiente, líder y con iniciativa. Sin criterios objetivos, esa discreción es de carácter absolutista y, como tal, puede degenerar en prácticas discriminatorias. La ausencia de esos criterios objetivos para medir las condiciones meritorias que visualiza el Art. 23 de la Ley Núm. 26, *supra*, constituye una avenida demasiado ancha, susceptible de levantar, como en el caso de autos, planteamientos de discrimen o de subjetividad parcializada de índole político-partidista.

La cuestión no es de génesis judicial ni especulativa. El

mismo Superintendente dio muestras de estar consciente de los riesgos apuntados, inherentes al ejercicio de su sola discreción en los ascensos especiales. Mediante Memorando de 29 de enero de 1990 expuso:

> Los llamados "Ascensos por Mérito" *están descartados totalmente* en este momento y en un *futuro previsible*. Estamos en el proceso de preparar y adoptar un *Reglamento de Personal* que sustituya al vigente. .
>
> *Todos los ascensos deben hacerse siguiendo un sistema científico y confiable, según ordena la ley de la Policía.* Hasta tanto no se apruebe el nuevo reglamento y de paso se adopten las normas que instrumentarán este proceso, con amplia participación de la fuerza; no se considerarán en forma alguna los referidos ascensos por mérito. (Énfasis suplido.) Apéndice, pág. 34.

Esta postura del administrador-ejecutivo de la policía disipa cualesquiera dudas. Para la fecha en que concedió los ascensos especiales en controversia no había adoptado un reglamento que sustituyera el vigente.

No nos corresponde en esta etapa enjuiciar finalmente si la conducta del Superintendente es inconstitucionalmente discriminatoria o carente de fundamento jurídico. La cuestión es un asunto a ser dilucidado inicialmente por el foro de instancia. En esa misión, debe examinar si este tipo de *ascenso especial* puede concederse a través de algún mecanismo confiable y objetivo que mida los criterios pautados por la Asamblea Legislativa en el Art. 23 de la Ley Núm. 26, *supra*. No hay razón, *a priori*, para descartar como imposibles, la evaluación a través de pruebas escritas, orales, físicas, de ejecución, experiencia y preparación, análisis del récord de trabajo, de los resultados de adiestramiento y de otros factores.

Repetimos, la Ley de la Policía dispone que las vacantes de ascenso se cubran mediante un sistema de exámenes confiable, moderno y científico. Elevar a norma reglamentaria el método o métodos objetivos para medir las cualificaciones de mérito de candidatos a ascensos especiales,

puede y debe ser mediatizada con la fluidez, agilidad decisional y demás características peculiares que presenta la Policía. De su faz, no son intereses antagónicos.

Recapitulando, toda revisión se da contra la sentencia y no sus fundamentos. El ilustrado foro de instancia incidió al apoyar su dictamen en el fundamento de derogación tácita. Por esta razón, no podría sostenerse la invalidez de los ascensos. Hemos visto que el Art. 23 de la Ley Núm. 26, *supra,* no es incompatible con el sistema de mérito. Sólo necesita ser complementado con un reglamento.

*Se dejará sin efecto la sentencia parcial y se devolverá el caso para trámites de rigor compatibles con lo aquí resuelto.*